CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE VA
~~~
JAN 1 2 2006

JOHN . . . . . . CLERK
BY: ~~~~~~~~~~~~~~~
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ROSEMARIE ZEIGLER, | ) | CASE NO. 3:05CV0020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July

30, 2002 claim for a period of disability, disability insurance and supplemental security income

benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq*, is

before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District

Judge a report setting forth findings, conclusions and recommendations for the disposition of the

case. The questions presented are whether the Commissioner's final decision is supported by

substantial evidence, or whether there is good cause to remand the case for further proceedings. 42

U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter

REVERSING the final agency decision, GRANTING judgment to the plaintiff and recommitting

the case to the Commissioner for the sole purpose of calculating and paying proper benefits.

In a decision dated September 10, 2004 and eventually adopted as a final agency

decision, a Law Judge found that plaintiff met the special earnings requirements of the Act on June

21, 2002, the alleged period of disability onset, and continued to meet them through the date of his

decision. (R. 16, 24.) He also found that plaintiff, who was 48 years old at the time with a high

school education and past work as a certified nurse's assistant, had not engaged in substantial

gainful activity since the alleged date of disability onset, and that she suffered a subarachnoid hemorrhage with surgical clipping of an aneurysm, degenerative joint disease of the knees and hip pain, which were considered severe impairments, though not sufficiently severe to meet or equal any listed impairment. (R. 21, 24.) The Law Judge specifically found that plaintiff did not suffer severe migraine headaches, anxiety or a panic disorder in that these claimed impairments were not substantiated in the evidence and did not impact plaintiff's functional capacity more than minimally. (R. 20.) While he was of the view that plaintiff was disabled from her past relevant work, the Law Judge found that plaintiff possessed the capacity to perform a "significant range" of sedentary work which would afford her an opportunity to "sit or stand at will." (R. 23, 25.) By application of the Medical-Vocational Guidelines ("grids") as a "framework for the decision-making" and by reference to some of the evidence offered by a vocational expert (VE) because he recognized that plaintiff suffered non-exertional limitations of her ability to work, the Law Judge determined that jobs were available to the plaintiff in the economy. (R. 24, 25.) Thus, he found plaintiff not disabled at the final level of the sequential analysis.

While the case was on administrative appeal, plaintiff submitted additional treating source evidence. (R. 219-237.) Essentially, this evidence presented the Council with information in the public domain concerning migraine headache syndrome and the side effects of certain medications, together with reports of office follow-up visits to plaintiff's treating sources between July and September 2004. The Appeals Council found that neither this evidence nor that which already was contained in the extant record before the Law Judge provided a basis for review, and it denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 5-7.) This action ensued.

When a claimant is found to have established a *prima facie* case of disability by

2

demonstrating an inability to perform his/her past relevant work, the burden of production shifts to the Commissioner to show that jobs were available to a person with the plaintiff's maladies and limitations. 20 C.F.R. § 404.1520. Should the evidence reveal non-exertional limitations on the claimant's ability to perform work-related activities, the Commissioner cannot rely solely on the grids, and a VE is required in order for the Commissioner to discharge her burden. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *Smith v. Bowen*, 837 F.2d 635 (4th Cir. 1987). In that connection, vocational evidence is relevant only if the VE accounts for all the claimant's maladies and their effects, and the hypothetical questions posed to a vocational expert must be broad enough to allow the VE to account for all significant functional limitations disclosed by the substantial evidence. *Hancock v. Barnhart*, 206 F. Supp. 2d. 757 (W.D.Va. 2002); *see Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).

Moreover, the Commissioner has a duty to fully and fairly evaluate evidence offered on administrative appeal. *Riley v. Apfel*, 88 F.Supp. 2d 572 (W.D.Va. 2000). Failure to do so may lead to a remand of the case with direction to make findings upon which judicial review might more appropriately occur.

In the instant case, the Law Judge found plaintiff suffered severe impairments which disabled her from her past relevant semiskilled, medium and light work.[1] In response to the Law Judge hypothetical question which sought an answer to the question "what kind of sedentary jobs would there be for somebody that had to have a sit/stand option, indoors," the VE opined that the job of sedentary cashier would be available. (R. 259.) The VE acknowledged, however, that no jobs would be available to a person described by the Law Judge who also was periodically absent from

---

[1]The VE described plaintiff's past CNA work as medium, semiskilled work and her work as a sewing machine operator as light, semiskilled work. (R. 258.)

3

work for between a half to a full day, one-to-two times per week because of headaches. (R. 260.)

In her combined motion for summary judgment and supporting brief, plaintiff offers that the Law Judge did not properly evaluate the medical evidence when making his decision not to give controlling weight to the evidence from plaintiff's treating sources but, instead, gave controlling weight to the evidence offered by examining and non-examining consulting physicians which did not constitute substantial evidence under the appropriate regulations and under the circumstances of this case. In turn, plaintiff takes the position that the Law Judge improperly discredited her testimony concerning the effects of her maladies, notwithstanding the fact her testimony was consistent with the nature of her impairment. Social Security Ruing (SSR) 96-7p. Plaintiff complains that the bases for the Law Judge's decision in this respect rests on the consultative evidence from non-treating medical sources, particularly that of a medical expert (ME) who testified at the hearing to the effect that plaintiff possessed the residual functional capacity to perform light work with a sit/stand option, and that this evidence is not sufficient to overcome that offered by treating sources and the case information developed by the SSA employees.

The Commissioner takes the view in her brief supporting her motion for summary judgment that there is substantial evidence to support her final decision. Specifically, the Commissioner offers that the evidence from plaintiff's treating physician to the effect that her headaches improved with medication, when coupled with the evidence from a consulting examiner, DDS record consultants and the ME who testified at the hearing, provide an evidentiary basis upon which the Law Judge could have declined to fully credit plaintiff's subjective symptoms and to find that her capacity for light work was not limited by headaches or by the need for periodic absences from work because of those headaches. Consequently, the Commissioner offers that the vocational evidence was complete, relevant and material to a decision here, and that it supported the Law

4

Judge's decision that jobs were available to the plaintiff.

In her response to the Commissioner's brief, plaintiff acknowledges that most of the Commissioner's recitation of the evidence is accurate. She takes issue, however, with the Commissioner's proffer that plaintiff did not present continuing complaints about her headaches, and she points to evidence that would suggest that she "complained of headaches in every single one of those visits" to the doctors between December 9, 2002 and July 21, 2003 except on April 7, 2003. (Pl.'s Response at 1.) Moreover, plaintiff points out that the undisputed evidence is that her treating doctor has been required to change her medication in an effort to relieve her headaches, but without any success in eliminating them. (Pl.'s Response at 2.) Plaintiff also calls the court's attention to the fact that the Commissioner's own ME acknowledged that the symptoms plaintiff testified she experienced, as reflected in the record reviewed by the ME, were consistent with migraine headaches. Plaintiff argues that these symptoms also are consistent with the medical literature concerning the effects of Zomig, the medication prescribed for her, copies of which literature have been provided to the court. (Pl.'s Response Brief at 2.) Plaintiff also explains that she does not rely on the treating source opinions about her ability to work, but rather for the medical documentation of Dr. Bashore's ongoing treatment which contradicts the Law Judge's and Commissioner's finding that her headaches were controlled by medication. Essentially, plaintiff takes the position that the substantial evidence reveals her headaches do occur and are not rapidly resolved, that the Commissioner's ME conceded resting after taking the medication would be consistent with the malady of migraine headaches, and that the VE acknowledged that the limitations resulting therefrom foreclose the availability of jobs to her.

As the undersigned sees it, the plaintiff's case rises or falls on whether the Law Judge properly weighed the medical evidence. The balance of the Law Judge's findings concerning

5

plaintiff's subjective symptoms and limitations, as well as her ability to perform any work, much less light work, depends, in large measure, on the weight to be given that medical evidence. In that connection, plaintiff rightly relies on the Commissioner's own regulations which require the Law Judge to give controlling weight to treating and other consistent, acceptable medical source evidence because this type of evidence provides what is considered to be a longitudinal perspective of a claimant's impairments and their effects. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Social Security Rulings (SSR) 96-2p and 95-5p. In fact, these regulations require a Law Judge to explain the basis for the weight given to non-treating sources in the event the treating source evidence is not given controlling weight. 20 C.F.R. §§ 404.1527(d)(2)(ii) and 416.927(d)(2)(ii). Moreover, plaintiff correctly points out that the undisputed evidence she presented concerning ongoing headaches was consistent both with the treating evidence and the ME's views about symptoms expected to be produced by such a malady. Most importantly, plaintiff points to the Law Judge's intractable misunderstanding of the evidence, particularly to the extent he observed that, in filling out a limitations form, plaintiff's treating doctor "made no reference to the claimant having migraine headaches" when, in fact there is ample evidence of ongoing, albeit unsuccessful, treatment of that condition. (R. 19.)

The undersigned cannot help but believe that if it were established that plaintiff suffered ongoing and unresolved headaches, as the evidence in this case clearly shows, there would be no other basis in this record upon which the plaintiff's credibility concerning the limitations produced by such a condition could be challenged. This is so because the Commissioner's own ME acknowledged that those limitations would be the ones produced by such a malady. More importantly, the Commissioner's VE opined that no jobs would be available to a person suffering such limitations.

6

The undersigned finds that the Commissioner's final decision is not supported by the substantial medical, lay and vocational evidence. Accordingly, it is RECOMMENDED that an order enter REVERSING the final agency decision, GRANTING judgment to the plaintiff and recommitting the case to the Commissioner for the sole purpose of calculating and paying proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

1|12|06
Date

7