CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
FEB 2 2 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROSEMARIE ZEIGLER,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:05-CV-00020<br><br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

The Court referred the above-captioned action to the United States Magistrate Judge for proposed findings of fact and a recommended disposition. The matter is presently before the Court on the Commissioner of Social Security's objections to the January 12, 2006 Report and Recommendation of the presiding Magistrate Judge. The Magistrate Judge recommended that the Court reverse the final decision of the Commissioner, grant Plaintiff's Motion for Summary Judgment, and remand to the Commissioner solely for the purpose of determining proper benefits. For the reasons set forth below, the Magistrate Judge's Report and Recommendation shall be rejected, and the Commissioner's decision shall be affirmed.

## I. BACKGROUND

On July 30, 2002, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income payments under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383f (2005). Plaintiff claims that she became disabled on June 23, 2002, due

to an aneurysm. Plaintiff was admitted to the Medical College of Virginia Hospital with a subarachnoid hemorrhage in the right temporal lobe of her brain. An angiogram revealed an aneurysm, and she underwent right posterior communicating clipping. Plaintiff was discharged from the hospital on July 5, 2002. In her claim for benefits, she alleged that she currently suffers from migraine headaches with photophobia and sonophobia, anxiety, degenerative joint disease of her knees, and hip pain. The Social Security Administration denied her claim, both initially and on reconsideration. R. 212–215.

Plaintiff then requested a hearing from an administrative law judge ("ALJ"). The ALJ denied benefits in a decision issued on September 10, 2004, specifically finding that Plaintiff's claimed impairments were not substantiated in the record, and did not affect Plaintiff's functional capacity more than minimally. The ALJ determined that Plaintiff could no longer perform her past relevant work as a certified nursing assistant, but found that jobs were available to her in the economy. R. 24, 25.

Plaintiff appealed the case to the Appeals Council and submitted additional evidence, providing information about migraine headaches and the side effects of certain medications. Plaintiff also provided the Council with reports of office follow-up visits between July and September of 2004. The Appeals Council denied review and adopted the ALJ's opinion as a final decision of the Commissioner. R. 5–7.

Plaintiff then appealed the case to this Court. The presiding Magistrate Judge recommended reversal of the Commissioner's final decision. Defendant filed timely objections to the Magistrate's Report and Recommendations on January 24, 2005, and Plaintiff filed a response to those objections on January 30, 2005. Defendant objects to 1) the Magistrate's

2

statement of Plaintiff's burden; and 2) the Magistrate's conclusion that the ALJ's decision was not supported by substantial evidence.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendations to which objections were made. *See* 28 U.S.C.A. § 636(b)(1) (2005). When examining the findings of the Commissioner, however, the scope of judicial review is much narrower: the Court must uphold those findings which are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court must sustain the Commissioner's decision if there is enough supporting evidence to justify a refusal to direct a verdict in a jury trial. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

### B. REASONING

The Social Security Administration has developed a five-step sequential evaluation process to determine whether a claimant has a disability. *See* 20 C.F.R. §§ 404.1520, 416.920 (2005). An ALJ must consider whether a claimant: 1) is working; 2) has a severe impairment; 3) has an impairment that makes him disabled as a matter of law; 4) can return to his past work; and 5) if not, whether he retains the capacity to perform specific jobs that exist in significant numbers in the national economy. *See id.* at §§ 404.1520, 416.920. The claimant bears the burden of production and proof during the first four steps of the inquiry.

3

*See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At the fifth step, the burden shifts to the Commissioner to prove that jobs exist in significant numbers in the national economy that the claimant can perform. *See id.*

In this case, the ALJ found that Plaintiff was not working, and that she had a severe impairment, but was not disabled as a matter of law. R. 24–25. Although the ALJ determined that the claimant was unable to perform her past relevant work, he held that Plaintiff retained the residual functional capacity to "perform a significant range of sedentary exertional activity that affords her the option to sit or stand at will." R. 25. The Magistrate Judge, however, determined that there was not substantial evidence in the record to support the ALJ's conclusion that Plaintiff was not suffering from migraine headaches, and recommended reversal.

A. Objection to Magistrate's Statement of the Burden

Defendant first contends that the Magistrate misstated the five step evaluation procedure by characterizing the process as creating a rebuttable presumption. In the statement at issue, the Magistrate wrote: "When a claimant is found to have established a *prima facie* case of disability by demonstrating an inability to perform his/her past relevant work, the burden of production shifts to the Commissioner to show that jobs were available to a person with the plaintiff's maladies and limitations." Report & Recommendation at 2–3. Defendant argues that instead, the Commissioner's duty is to "complete the five-step evaluation process by showing that there are other jobs that the Plaintiff can perform." Def.'s Obj. at 3–4. However, Defendant claims no prejudice from the Magistrate's articulation of the standard, and the Court can find no essential differences between these two depictions of the Commissioner's burden. As a result, this objection will be overruled.

4

Case 3:05-cv-00020-NKM-BWC    Document 23    Filed 02/22/06    Page 4 of 6    Pageid#: 91

B. Objection to the Magistrate's Conclusion

Defendant also objects that the Magistrate improperly re-weighed the evidence in the record, and that substantial evidence supported the ALJ's decision. The Magistrate concluded that the evidence clearly showed that Plaintiff suffered from migraine headaches, which would prevent Plaintiff from finding and holding jobs in the economy. Report & Recommendation, at 6. On the other hand, the ALJ determined that "the allegations of migraine headaches... are unsubstantiated, [and] that there are no medical facts and findings that these complaints impact the claimant's residual functional capacity more than minimally." In support of his conclusion, the ALJ noted, among other things, that medical records stated that the headaches were "controlled" and that Plaintiff was "doing well on Zomig," a medication for migraines (*see, e.g.*, R.170); that Plaintiff had made only one acute visit to the doctor due to migraine symptoms since her aneurysm, a period of approximately two years; (*see* R. 173); and that Plaintiff's doctor did not mention migraine headaches in a physical limitations assessment completed on July 31, 2004. R. 205–208. Plaintiff's history, as set forth in the medical records, does not require a conclusion that her headaches are severe enough to prevent her from getting some jobs that require only sedentary work. The Court finds that the cited evidence is substantial enough to support the ALJ's finding that Plaintiff's migraine headaches do not seriously affect her residual functional capacity.

5

## III. CONCLUSION

Accordingly, the Court will reverse the Report and Recommendation of the Magistrate Judge and affirm the final decision of the Commissioner. An appropriate order shall issue this day.

ENTERED: _____
United States District Judge

_____
2/22/06
Date